E-FILED
Wednesday, 18 March, 2026  02:25:59 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| KEVAS L. BALLANCE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3226 |
| | ) | |
| J B PRITZKER *et al.*, | ) | |
| Defendants. | ) | |

<u>ORDER</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Kevas L. Ballance, an inmate at Lawrence Correctional Center. Plaintiff also filed Motions for Counsel (Docs. 4, 9).

I.      **Complaint**

A. **Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as true and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Analysis**

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's pleading spans thirty-three pages and alleges constitutional violations at Lawrence, Pontiac, and Western Illinois Correctional Centers against over two hundred Defendants, the majority of which are unidentified Jane and John Does officials. Additionally, Plaintiff's alleged facts on one of the claims he raises in his pleading are similar to a claim raised in another case in this district, *Balance v. Moon*, case No. 24-3100.

The excessive and unnecessary facts Plaintiff provides, coupled with the vague manner in which the alleged claims are presented, place an unreasonable burden on the Court to wade through and determine which claims, if any, have merit. *See Kadamovas v.*

*Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention."). Plaintiff does not need to provide a lengthy account of the circumstances underlying the alleged constitutional violations. Instead, a pleading need only specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). "The Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving . . . ." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). It is unnecessary, and in fact, forbidden, for a complaint to include "all of the evidence needed to prevail at trial." *Id*.

Thus, the Court dismisses Plaintiff's Complaint (Doc. 1) but grants Plaintiff leave to file an amended pleading. In the interest of efficiency and judicial economy, the Court provides the following guidance. If Plaintiff files an amended complaint, his filing must not exceed ten pages in total length and shall not contain attachments. The Court does not accept piecemeal amendments. The amended complaint must stand completely on its own without reference to the initial pleading and must contain all claims against all defendants. This prevents confusion over intended claims and defendants. The Court cautions plaintiff that joining unrelated claims and unrelated defendants into his

amended complaint violates the controlling principle in Federal Rule of Civil Procedure 18(a). Fed. R. Civ. P. 18(a). In other words, multiple claims against a single defendant are permitted, but "Claim A against defendant 1 should not be joined with unrelated Claim B against defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Thus, if Plaintiff elects to file an amended pleading alleging constitutional violations at Pontiac Correctional Center, he must file a separate Complaint for the alleged constitutional violations at Western Correctional Center. *See Id.* ("Unrelated claims against different defendants belong in different suits, not only to prevent … morass … but also to ensure that prisoners pay the required filing fees ….").

As for the claims alleged at Lawrence Correctional Center ("Lawrence"), 28 U.S.C. § 1391(b) guides the proper venue for federal civil rights actions filed under 42 U.S.C. § 1983. As provided, § 1983 suits may be brought only in (1) the judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C § 1391(b).

Lawrence lies within the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. 93(c) (listing the Illinois counties that comprise the Southern District of Illinois). Thus, Plaintiff should file a separate pleading regarding events at Lawrence in the Southern District of Illinois.

## II.   Counsel and Status

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has demonstrated he has satisfied his threshold burden by attaching several responses from law firms declining to represent him.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). "These two considerations 'are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand.'" (*Id.*) (quoting *Pruitt*, 503 F.3d at 655).

Specifically, courts should consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself." *Eagan*, 987 F.3d at 682. "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings." *Id*. The assessment "must include 'the tasks that normally attend litigation: evidence gathering, preparing[,] and responding to motions and other court filings, and trial.'" *Id*. "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his … case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id*. at 682-83.

Aside from acknowledging that he has some college education, Plaintiff does not claim a psychological deficiency or a physical ailment prevents him from conducting discovery, drafting filings, responding to motions, or presenting his case to a jury. In other words, Plaintiff does not provide any persuasive reasons why he cannot prosecute his claim or why his case differs from any other of the many pro se plaintiffs who ask for the appointment of counsel in almost every lawsuit filed. *DeWitt v. Corizon, Inc.*, 760 F.3d 654, 657-58 (7th Cir. 2014); *see also Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir 2013) (noting the district judge did not consider the plaintiff's assertions of "limited education, mental illness, language difficulties, and lack of access to fellow prisoners or other resources for assistance after his transfer from Stateville" in denying the motion for counsel).

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. If Plaintiff files an amended pleading that states a claim for relief, the Court's Merit Review Order will direct the Clerk of the Court to effect service

on the identified defendants. After the parties have been served and have responded to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, Plaintiff's Motions for Counsel (Docs. 5, 9) are denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Docs. 5, 9) are DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED March 18, 2026.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE