E-FILED
Thursday, 29 October, 2026 02:50:43 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **KEVAS L. BALLANCE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3226** |
| | ) | |
| **J B PRITZKER *et al.*,** | ) | |
| **Defendants.** | ) | |

# ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Kevas L. Balance, an inmate at Lawrence Correctional Center, filed an Amended Complaint (Doc. 13) that is before the Court for screening.

## I. Background

Plaintiff's initial Complaint (Doc. 1) spanned thirty-three pages and alleged violations at three different Illinois Department of Corrections facilities against over two hundred Defendants, the majority of whom were unidentified Doe officials, and included claims raised in another case in this District. The Court dismissed Plaintiff's filing, provided clarifying guidance, and granted Plaintiff thirty days to file an amended pleading.

## II. Amended Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if

it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as true and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

The constitutional violations Plaintiff describes occurred from March to May 2024 at Western Illinois Correctional Center ("Western) and are alleged against 101 individuals, more than fifty of whom are unidentified.

On March 23, 2024, Plaintiff transferred to restrictive housing after Defendant Corrections Officer Powell searched Plaintiff's cell and allegedly authored a false disciplinary report regarding the contraband seized, the location where the contraband in Plaintiff's cell was located, and other false information. Plaintiff was transferred to restrictive housing that day. On March 25, 2024, Defendant Intelligence Officers Jon M. Moon and Jonathan P. Richmiller informed Plaintiff that if he did not plead guilty to the contraband and disclose how he received it, Moon and Richmiller would add an impeding investigation violation to Plaintiff's existing rule violations, which Plaintiff states he was subsequently added. On March 28, 2024, Defendant Corey J. Holzer held a

hearing on the disciplinary reports Powell and Richmiller wrote, where Plaintiff claims Holzer did not call his cellmate, who was requested to be called as a witness.

Plaintiff then recounts events that occurred after his disciplinary hearing in which different officials told Plaintiff that he had "pissed intel off" and had been "blackballed." (Doc. 11) Plaintiff also recalls issues regarding his mail, medication, a strip search conducted on April 27, 2024, and an alleged conspiracy among various officials to deprive him of reporting misconduct. Plaintiff also describes an incident on May 4, 2024, in which he acknowledges disobeying a lawful order to cuff up three times, which resulted in forty-seven masked correctional officials surrounding him and "shooting" him in his head and left ear." (*Id*. at 6.)

**C. Analysis**

The Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, [courts] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.*

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive

segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

Under those circumstances, "[d]ue process requires that prisoners in disciplinary proceedings be given: '(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.'" *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992)).

In his prayer for relief, Plaintiff seeks restoration of his good conduct credit that he could have earned. Thus, the Court concludes Plaintiff's facts state a Fourteenth Amendment due process claim against Defendants Moon, Powell, and Richmiller for allegedly filing a false disciplinary report and Defendant Holzer for the allegedly constitutionally deficient proceeding held on the noted rule violations.

Plaintiff further states a First Amendment retaliation claim against Defendants Moon and Richmiller for filing an allegedly false disciplinary report when Plaintiff would not answer their investigatory questions. *See Caffey v. Maue*, 679 F. App'x 487, 490 (7th Cir. 2017) (stating that a prisoner's refusal to answer an officer's question during an investigation is not protected speech and that "prisoners may be compelled to disclose information during internal investigations provided they are not punished for refusing to make self-incriminating statements without immunity").

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff does not state a claim against Illinois Governor J.B. Pritzker, Illinois Department of Corrections ("IDOC") Director Latoya Hughes, IDOC Assistant Director Doe, or IDOC Wardens Brittany Greene or Doe 2. Plaintiff names these officials based on their supervisory positions, but supervisors cannot be held liable without direct involvement in the claim deprivation, which Plaintiff does not allege. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). Thus, without showing direct responsibility for the improper action, a supervisory official will not be liable. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Similarly, Plaintiff does not state a plausible § 1983 claim against IDOC because a building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox*

*Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Plaintiff also does not state claims against the remaining defendants. As the Court cautioned when dismissing Plaintiff's initial pleading, "'joining unrelated claims and unrelated defendants into his amended complaint violates the controlling principle in Federal Rule of Civil Procedure 18(a). Fed. R. Civ. P. 18(a). In other words, multiple claims against a single defendant are permitted, but 'Claim A against defendant 1 should not be joined with unrelated Claim B against defendant 2.' *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)." (Doc. 10.)

**IT IS THEREFORE ORDERED:**

1) **According to the Court's screening of Plaintiff's Amended Complaint (Doc. 13) under 28 U.S.C. § 1915A, Plaintiff states a Fourteenth Amendment due process claim against Defendants Moon, Powell, and Richmiller for allegedly filing a false disciplinary report and Defendant Holzer for the allegedly constitutionally deficient proceeding held on the rule violations alleged. Plaintiff also states a First Amendment retaliation claim against Defendants Moon and Richmiller for filing an allegedly false disciplinary report when Plaintiff would not answer their investigatory questions. Plaintiff's claims against Defendants proceed in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Clerk of the Court is DIRECTED to terminate the remaining parties.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. The Court will deny motions filed before counsel files an appearance as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

**4) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

**5) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**6) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

**7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.**

**8) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

**9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

10) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED October 29, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE